# EXHIBIT "B"

## CIVIL COVER SHEET

### I. CASE STYLE

IN THE COUNTY COURT OF THE 9TH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA
CASE NUMBER: _____
JUDGE: _____

Brandi DiBlasi-Rouselle,

     **Plaintiff,**

v.

**Steak N Shake Operations, Inc.
d/b/a Steak N Shake #285,**

     **Defendant.**

### II. TYPE OF CASE

| Domestic Relation | Torts | Other Civil |
|---|---|---|
| _ Simplified Dissolution | _ Professional Malpractice | _ Contracts |
| _ Dissolution | _ Product Liability | _ Condominium |
| _ Support - IV-D | _ Auto negligence | _ Real Property/Mortgage Foreclosure |
| _ Support - Non IV-D | _ Other negligence | _ Eminent domain |
| _ URESA - IV-D | | x Other: Wage and Hour |
| _ URESA - Non IV-D | | |
| _ Domestic violence | | |
| _ Other domestic relations | | |

### III. IS JURY TRIAL DEMANDED IN COMPLAINT?

    X Yes
    __ No

**Date: August 3, 2016.**

SIGNATURE OF ATTORNEY FOR PARTY
INITIATING ACTION

     */s/ Robert Parsons*
ROBERT W. PARSONS, ESQUIRE
COHEN & GROSSMAN, ATTORNEYS AT LAW
FLORIDA BAR NUMBER: 0106568
350 NORTH LAKE DESTINY ROAD
MAITLAND, FLORIDA 32751
PHONE/FAX: (407) 478-4878/0204
EMAIL: RPARSONS@ITSABOUTJUSTICE.LAW

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY,
FLORIDA

CASE NO.:

Brandi DiBlasi-Rouselle,

       Plaintiff,

v.

Steak N Shake Operations, Inc.
d/b/a Steak N Shake #285,

       Defendant.

_____/

SUMMONS

*THE STATE OF FLORIDA*
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of Petition in this action on the Defendant to this action pursuant to F.S. 48.081

*By Serving:*

**Steak N Shake Operations, Inc. d/b/a Steak N Shake #285**
through its designated representative:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

Each defendant is required to serve written defenses to the Complaint of Petition on Robert Parsons, Esq., Counsel for the Plaintiff, **Cohen & Grossman, Attorneys at Law,** 350 North Lake Destiny Road, Maitland, Florida 32751, within twenty (20) days after service, of this summons on that defendant exclusive of the day of service, and to file the original of the Defenses with the clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

CLERK OF THE COURT
BY: _____, Deputy Clerk    DATE: _____, 2016.

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY,
FLORIDA

CASE NO.:

Brandi DiBlasi-Rouselle,

      Plaintiff,

v.

Steak N Shake Operations, Inc.
d/b/a Steak N Shake #285,

      Defendant.

_____/

## COMPLAINT

    COMES NOW the Plaintiff, Brandi DiBlasi-Rouselle, individually, by and through the undersigned attorney and sues the Defendant Steak N Shake Operations, Inc. d/b/a Steak N Shake #285 (hereinafter sometimes referred to as "Steak N Shake"), and alleges as follows:

### The Parties

    1.    Plaintiff resides in Kissimmee, Florida. Plaintiff worked at the Defendant corporation as a server from approximately August 1, 2013 to February 28, 2014.

    2.    At all times relevant to this action, Plaintiff has been a tipped employee engaged in commerce or the production of goods for commerce on behalf of the Defendant.

    3.    Plaintiff is a covered employee within the meaning of the Florida Minimum Wage Act ("FMWA") through its incorporation of the Fair Labor Standards Act ("FLSA") into Florida law.

    4.    Upon information and belief, at all material times hereto, Defendant, Steak N Shake, was a corporation duly licensed to transact business in the State of Florida. Defendant

does business, has offices, and/or maintained agents for the transaction of its customary business in Osceola County, Florida.

5.      Defendant is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) an annual gross sales in excess of $500,000.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction pursuant to Fla. Stat. § 448.110. This is an action for violation of the FMWA with damages less than fifteen thousand dollars ($15,000.00), exclusive of interests, costs, and attorney's fees.

7.      Venue is proper in Osceola County pursuant to Fla. Stat. § 47.051 because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## Nature of the Action

8.      Defendant is the owner of Steak N Shake Operations, Inc. d/b/a Steak N Shake #285 restaurant located in Kissimmee, Florida, Florida.

9.      Plaintiff was employed as a Server by the Defendant, a "Tipped Employee" as defined by the FWMA, from approximately August 1, 2013 through approximately February 28, 2014.

10.     Fla. Const. art. X, § 24(c) states, "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the

Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003."

11.    Section 3(m) of the FLSA permits an employer to take a "tip credit" toward its minimum wage obligation for Tipped Employees equal to the difference between the tipped minimum wage and the applicable state minimum wage. For instance, in 2016 the Florida State Minimum Wage is $8.05, the statutorily permitted tip credit is $3.02, and the tipped minimum wage is $5.03.

12.    The Defendant willfully and improperly applied a tip credit to every hour that the Plaintiff worked, even when Plaintiff was clearly engaged in non-tipped tasks exceeding twenty percent 20%, and when Plaintiff was required to perform non-server duties.

13.    Defendant improperly utilized the tip credit and unjustly benefitted by saving the tip credit amount for each hour Plaintiff worked. With this great savings comes great responsibility. Plaintiff was not able to obtain tips or perform tip-generating work while being paid at the reduced tip credit rate, causing the Defendant to benefit at the detriment of Plaintiff.

14.    In addition to tipped work, Plaintiff was required by Defendant to perform non-tipped work for which Plaintiff was paid at the reduced tip credit rate. Examples of such non-tipped generating labor which the plaintiff performed include:

> a. Bar set up assignments: Stocking and icing milk and cream; Stocking coffee, tea, bottled drinks; Brewing coffee and tea; Stocking glasses, straws, napkins, coffee cups and saucers; Cutting lemons; Putting garnishes on ice such as lemons and limes; Replacing syrup containers for soda machines;
>
> b. Cleaning and preparing the to-go station: Stocking the to-go area with to-go containers, napkins, cups, lids, plastic silverware and to-go bags;
>
> c. Table set up, break down, and cleaning projects: Cleaning and wiping the wait

station; Cleaning and wiping table tops; Cleaning and wiping chairs and booths; Cleaning and wiping menus; Aligning and straightening chairs; Taking down or putting up chairs; Setting tables – silverware, plates, glassware, napkins, caddies; Stocking sugar, sweeteners; Refilling salt and pepper; Cleaning condiment holders; Stocking or filling ketchup or table sauces; Folding additional napkins; Rolling silverware; Polishing silverware, organizing, or moving silverware to front of house;

d. Food preparation and kitchen related obligations: Preparing food for kitchen; Preparing salads or soups; Refilling and restocking dressings and sauces; Making shakes or other beverages (other than sodas, water, tea, coffee, etc.);

e. Maintenance and janitorial undertakings: Placing trash cans in designated areas; Checking restrooms for cleanliness and supplies; Wiping water from sinks in restrooms; Dusting lamps, shelves, or picture frames in dining room; Performing general cleaning; Stocking printer paper, when back-up rolls were needed; Checking entry and wait area floors, and cleaning if necessary; Checking floors and sweeping and mopping if necessary; Washing dishes;

f. Undesignated skeleton crew duties to maintain restaurant performance

15.     The non-tipped work for which Plaintiff was paid at a reduced rate exceeded twenty percent (20%) of Plaintiff's time at work.

16.     As a result, Plaintiff is entitled to at least the applicable minimum wage for each hour worked where Defendant improperly applied the tip credit, rather than paying Plaintiff regular minimum wage.

17.     Defendant has and continues to willfully violate the Florida Minimum Wage Act

by not paying the wages owed to Plaintiff.

18.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, in this specific instance a 'server', rather than the tasks performed at the direction of the Defendant.

20.     On July 6, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

## COUNT I: FLORIDA MINIMUM WAGE ACT – UNPAID WAGES

21.     Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22.     At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

23.     At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

24.     Plaintiff brings this action as a former hourly employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages.   Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

25.     Pursuant to Fla. Stat. § 448.110 and Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer

would otherwise be eligible to do so under the FLSA.

26.     In both policy and practice, the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during, and after scheduled shifts. As such, full minimum wage for such time is owed.

27.     As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

28.     Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

29.     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

30.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

31.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

32.     On July 6, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

33.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. §

448.08, § 448.104 and § 448.110.

## COUNT II: DUAL OCCUPATION

34.    Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

35.    Defendant required that plaintiff perform certain dishwasher duties including but not limited to, stocking supplies such as glasses, straws, napkins, coffee cups and saucers; polishing silverware; organizing or moving silverware to the front of the house; and washing dishes; these duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.·

36.    Defendant required that plaintiff perform certain janitorial duties including but not limited to, cleaning and wiping tables, chairs and booths; aligning, straightening, taking down, or putting up chairs; placing trash cans in designated areas; sweeping and mopping the floors; checking restrooms for cleanliness and supplies; and cleaning restrooms, condiment holders, lamps, shelves, entryway, waiting area and other general cleaning; these duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

37.    Defendant required that Plaintiff perform certain hostess duties but not limited to, stocking the to-go area with to-go supplies; and seating customers at other server stations or performing host duties; these duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

38.    Defendant required that Plaintiff perform certain server assistant duties but not

limited to, wiping menus; cutting lemons; preparing food for kitchen such as salads or soups; making shakes or other beverages (other than sodas, water, tea, coffee, etc.); assist other stations with their work; running food for other servers (tables outside your section); selling retail items – t-shirts, glassware, membership cards, etc.; these duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

39.     Plaintiff performed these duties well in excess of twenty percent. These dual occupational tasks were not 'occasional', but were often in occurrence. These dual occupational tasks were regularly not related to tip related duties.

40.     The "dual occupational" tasks listed in paragraphs supra are not customarily and/or traditionally incidental, and are otherwise unrelated to, the job of a server or other tipped profession.

41.     Section 448.110(3) of the Florida Minimum Wage Act incorporate the FLSA provisions regarding the regulation of minimum wage exemptions with regard to an employer "tip credit".

42.     Fla. Const. art. X, § 24(c) allows an Employer to apply a tip credit to the State-mandated minimum wage "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA".

43.     Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act.

44.     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks.

45.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

46.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

47.     On July 6, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

48.     Plaintiff is therefore entitled to compensation for the difference between wages paid and Florida's minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT III: FLORIDA MINIMUM WAGE ACT – IMPROPER TIP POOL UNDER TIP CREDIT

49.     Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

50.     At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act and the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act and Fair Labor Standards Act.

52.     Plaintiff brings this action as a former Hourly Employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment.

53.     For time spent during Plaintiff's employment, Defendant took a "tip credit" from

Plaintiff's wages. Thus, Defendant's paid Plaintiff at a rate less than the applicable minimum wage.

54.     Pursuant to Fla. Stat. § 448.110 and Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

55.     For each shift during which Plaintiff worked Plaintiff was required to surrender one hundred forty dollars ($140.00) to the improper tip pool.

56.     The one hundred forty dollars ($140.00) of tips required of the Plaintiff was kept by the Defendant, and was not distributed to other employees who customarily and regularly receive tips, in violation of the FLSA and 29 U.S.C. § 203(m).

57.     Defendant's conduct constitutes a willful violation of the FMWA.

58.     Defendant has and continues to willfully violate the FMWA by requiring Plaintiff to surrender one hundred forty dollars ($140.00) of her tips to the Defendant to compensate for operational costs such as customer walkouts.   These sums were not proper employee wage deductions, but were instead normal business operating costs/optional perquisites.

59.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

61.     29 U.S.C. § 203(m) provides that an employer who engages in improper "tip pooling" forfeits their ability to apply a tip credit to wages paid.

62.     Defendant willfully violated the guidelines for proper tip pooling.

63.     Plaintiff is entitled to the return of all monies contributed to the improper tip pool

and to the return of the tip credit imposed by Defendant for each hour where Plaintiff was required to contribute money to an improper tip pool.

64.     On July 6, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

65.     Plaintiff is entitled to be paid the difference between wages paid and Florida's minimum wage; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action.

## COUNT IV: FAIR LABOR STANDARDS ACT – OVERTIME

66.     Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

67.     At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of the FLSA.

68.     At all relevant times, Plaintiff was employed by the Defendant within the meaning of the FLSA.

69.     Defendant engaged in the regular practice of altering Plaintiff's time records so that wages were not paid for work performed before Plaintiff's scheduled shift hours. For shifts where Plaintiff arrived before the scheduled shift hours, and clocked-in and provided labor for Defendant before the scheduled shift hours, Defendant would manipulate the time records to reduce the hours. Thus, the Defendant did not pay the Plaintiff properly for two (2) hours of overtime each shift.

70.     During some wage periods where Plaintiff was not fully compensated for all hours worked, Plaintiff's total weekly hours worked exceeded forty (40).

71.     As a result of Defendant willful failure to compensate the Plaintiff the applicable overtime wage for all hours worked in excess of forty (40) per week, Defendant has violated FLSA, 29 U.S.C. § 207.

72.     Defendant has and continues to willfully violate the FLSA by not paying the Plaintiff the proper overtime wages owed for the additional two (2) hours spent each shift working due to Defendant's manipulation of the time records to reduce Plaintiff's hours.

73.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

74.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

75.     On July 6, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

76.     Due to Defendant's violations, Plaintiff is entitled to recover compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action.

## COUNT V: FLORIDA CONSTITUTION – UNPAID WAGE VIOLATIONS

77.     Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

78.     Pursuant to Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

79.     As per Fla. Const. art. X, § 24(c), the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working.  This occurred before, during and after scheduled shifts.  As such, full minimum wage for such time is owed.

80.     Additionally, Plaintiff was required to remain in the restaurant while being off the clock after her shifts, for an average of one (1) hour per shift to complete side work.

81.     As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Const. art. X, § 24(c).

82.     Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Const. art. X, § 24(c).

83.     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

84.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

85.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

86.     On July 6, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat.

§448.11(6)(a) and Fla. Const. art. X, § 24(c), satisfying the Florida Minimum Wage Act presuit notification requirement.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, for the following relief:

a. Declaring that Defendants have violated the minimum wage provisions of the FMWA and FLSA;

b. Declaring that Defendants have violated the minimum wage provisions of Fla. Const. art. X, § 24;

c. Declaring that Defendants' violation of the FMWA, FLSA, and Fla. Const. art. X, § 24 were willful;

d. Awarding Plaintiff liquidated damages as a result of Defendants' violation of the FMWA, FLSA, and Fla. Const. art. X, § 24;

e. Awarding the Plaintiff damages for all unpaid wages;

f. Awarding the Plaintiff pre-judgment and post-judgment interest under the FMWA, FLSA and Fla. Const. art. X, § 24;

g. Award Plaintiff all monies contributed to the improper tip-pool;

h. Award Plaintiff all monies uncompensated for overtime wages;

i. Awarding the Plaintiff reasonable attorneys' fees, costs, and disbursements pursuant to the FMWA, FLSA and Fla. Const. art. X, § 24; and

j. Where Defendant, an employer, does not have records and fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the

employer.

k.Awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated August 3, 2016

        */s/ Robert W. Parsons*_____
Robert W. Parsons, Esq.,
Fla. Bar No. 106568
Cohen Grossman, Attorneys At Law
350 N. Lake Destiny Road
Maitland, FL 32751
Telephone: (407) 478-4878
Facsimile: (407) 478-0204
Primary: rparsons@itsaboutjustice.LAW
Secondary: nicole@itsaboutjustice.LAW
Counsel for Plaintiff

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY,
FLORIDA

CASE NO.:

Brandi DiBlasi-Rouselle,

      Plaintiff,

v.

Steak N Shake Operations, Inc.
d/b/a Steak N Shake #285,

      Defendant.

_____/

## PLAINTIFF, BRANDI DIBLASI-ROUSELLE'S FIRST REQUEST TO PRODUCE TO DEFENDANT STEAK N SHAKE OPERATIONS, INC. D/B/A STEAK N SHAKE #285

      Plaintiff, Brandi DiBlasi-Rouselle, by and through its undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.350, hereby requests Defendant, Steak N Shake Operations, Inc. d/b/a Steak N Shake #285, to furnish copies of the following documents to the offices of the undersigned attorney within forty-five (45) days from the date of service hereof:

INSTRUCTIONS

1.    These document requests are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the laws of the State of Florida.

2.    When documents are requested, such requests includes documents in the custody control of the party's agents, party representatives, predecessors in interest, successors in interest, subsidiaries, parent, expert, persons consulted concerning any factual matters or matter of opinion relating to any of the facts or issues involved in

this case. And includes unless privileged the party's attorney.

3.      If you are not producing any document responsive to a requests, your answer should make it clear that you are not producing any documents responsive to that request.

4.      For each document that is withheld under a claim of privilege, please provide the following information:

   a.   The date the document was prepared or created

   b.   The name and title of the author or authors of the document

   c.   A summary of the subject matter of the document

   d.   The identity of each person or persons who assisted the author or authors in creating the document

   e.   The identity of each person to whom the document or the contents of the document have been communicated (either intentionally or inadvertently), the dates of such communication and the title of each such person.

   f.   A statement of the basis on which the privilege is claimed; and

   g.   The identity and title, if any, of the person or persons providing the information requested in subsections (a) through (f) above.

5.      "Side Work" is defined as work spent on non-tipped tasks during the employee's shift. This may include opening tasks, closing tasks, or tasks performed during their shift.

6.      If there is no time period stated a specific request, you are to assume it is for the time period that the Plaintiff was employed by Defendant.

## FIRST REQUEST FOR PRODUCTION

1.  All records and documents evidencing any hours during which Plaintiff worked for the Defendant, including but not limited to timesheets, tax records, notes, correspondence, payroll records, electronic records, and recorded statements.
2.  All documents reflecting any wages paid by the Defendant to the Plaintiff.
3.  All manuals, training books, corporate materials, employee handbooks, or any other documentation regarding Defendant's policies and procedures for its tipped employees.
4.  All documents recording breaks that Plaintiff took while employed by Defendant.
5.  All financial statements, written or electronic, including income statement, balance sheet, and cash flow statement.
6.  All records of sales, written or electronic, whether compiled on a daily basis and weekly, monthly or quarterly summaries thereof.
7.  All tax filings by the Defendants made to any municipality, city, state or the federal government on behalf of Plaintiff and Covered Employees
8.  All documents relating to litigation with current or former employees of the Defendant.
9.  All documents, papers, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing Defendants' compliance or non-compliance with the FLSA and FMWA.
10. All corporate documents (including organization charts and shareholder ledgers) and licenses of defendant Steak N Shake Operations, Inc. d/b/a Steak N Shake #285 and its parent or subsidiary companies.
11. All correspondence between Plaintiff, or any representative of Plaintiff, and any representative of Defendant, regarding Plaintiff's employment with the Defendant.
12. All documents which support any affirmative defense to Defendant.
13. All correspondence regarding any aspect of the Plaintiff's employment with the Defendant, including but not limited to, correspondence between corporate, managers, owners, supervisors, any employee of the Defendant, or any third party.
14. All employee records or documents regarding Plaintiff's employment.
15. All documents reflecting any wages paid to the Plaintiff.
16. All documents reflecting any hours worked by the Plaintiff.
17. All documents which reflect any duties or job-related tasks performed by the Plaintiff.
18. All transcripts of any deposition, hearing or trial testimony given over the past five years by any of your present or former employees, agents, experts, or representatives in any lawsuit or hearing in the State of Florida concerning any claim for outstanding wages against the Defendant.
19. Any records, electronic or otherwise, of any changes, alterations or modifications made to Plaintiff's time records with regard to the time which Plaintiff clocked-in for any shift.
20. All documents recording the amount of tips received by Plaintiff and Covered Employees during the course of their employment by Defendants and any notices given to Plaintiffs and Covered Employees by Defendants (i) notifying Plaintiff and Covered Employees that Defendants were taking an allowance for tip credit, (ii)

notifying Plaintiff and Covered Employees of tip pooling arrangement, and (iii) detailing amounts of tips earned and tip credit taken during any payment period.

21. All loans, leases and credit lines established or entered into by Defendants (including leases entered into by Defendant with respect to real property).

22. All human resource files regarding complaints or investigations related to Plaintiffs and Covered Employees, including any files related to EEOC or other government agency charges, union grievances and internal complaints

23. All documents which reflect required "side work" for Defendant's servers during the time of Plaintiff's employment, including, but not limited to, the front of house cleaning matrix or front of house side work plan.

24. All documents which the Defendant requested currently employed servers to sign during the relevant time period, which relate, in any way, to the allegations raised in this lawsuit.

25. All documents signed by Plaintiff during Plaintiff's employment by Defendant.

26. All vendor contracts entered into by Defendant (including vendor and supply contracts, rental contracts, tool and equipment suppliers, wholesalers, other internet based delivery vendors, accountants, banks, payroll services provider, uniform providers, marketing consultants, printers, etc.).

27. All documents referencing "side work" assignments to tipped employees (including floor plans, side work charts, daily side work charts, slow time charts, front of house plan, back of house cleaning plan, daily operations sheet, daily assignment sheet, etc.,)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant.

/s/ *Robert W. Parsons*
Robert W. Parsons, Esq.,
Fla. Bar No. 106568
Cohen Grossman, Attorneys At Law
350 N. Lake Destiny Road
Maitland, FL 32751
Telephone: 407-478-4878
Facsimile: 407-478-0204
Primary: rparsons@itsaboutjustice.LAW
Secondary: nicole@itsaboutjustice.LAW
Counsel for Plaintiff

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY,
FLORIDA

CASE NO.:

Brandi DiBlasi-Rouselle,

       Plaintiff,

v.

Steak N Shake Operations, Inc.
d/b/a Steak N Shake #285,

       Defendant.

## PLAINTIFF BRANDI DIBLASI-ROUSELLE'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT STEAK N SHAKE OPERATIONS, INC. D/B/A STEAK N SHAKE #285

Plaintiff, Brandi DiBlasi-Rouselle, by and through the undersigned attorney, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, requests that the Defendant, within forty-five (45) days from the date of service of this request, admit the following Requests for Admissions:

### DEFINITIONS AND INSTRUCTIONS

1. The term "Plaintiff" refers to Brandi DiBlasi-Rouselle.

2. The terms "Company", "Restaurant", and "Corporation" refers to Steak N Shake Operations, Inc. d/b/a Steak N Shake #285 at the Kissimmee, Florida location.

3. If a question does not specify an applicable time period, then it refers to the time period Plaintiff worked for the Defendant.

4. The term "Defendants" and the pronoun "you" refer to the Defendant and its agents, employees, representatives, and unless privileged, attorneys, as well as any entity, agency or committee formed, controlled by, or otherwise affiliated with defendants.

## REQUEST FOR ADMISSIONS

1. Admit that during the course of Plaintiff's employment with the Company, there were weeks when Plaintiff worked in excess of forty hours.

2. Admit that the company did not provide time sheets, time cards, or other paper means for employees to record their arrival and departure times or hours worked.

3. Admit that the defendant did not provide a pay stub or wage statement to plaintiff accurately showing his regular rate, overtime rate, regular and overtime hours worked, pay, and deductions or allowances for each pay period worked.

4. Admit that the Company had gross revenues in excess of $500,000.

5. Admit that during the course of Plaintiff's employment with the Company, the Company did not maintain a poster in a clear and visible location that explained the current applicable statutory minimum wage amounts in effect as well as the applicable overtime rate for employees to be paid for work in excess of 40 hours in a workweek.

6. Admit that the Company did not track or record whether Plaintiff took meal breaks.

7. Admit that Defendant does not have a detailed, accurate time record for all hours worked by the Plaintiff.

8. Admit that Plaintiff performed non-tipped labor which regularly exceeded 20% of the total time worked each shift.

9. Admit that the above named Defendant is properly named in this action.

10. Admit that jurisdiction and venue are proper in Osceola County, Florida.

11. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to clean and wipe down wait stations as part of Plaintiff's required shift duties.

12. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to clean and disinfect work stations during Plaintiff's scheduled shift.

13. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to restock shelves.

14. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to wash plates, glasses, and/or silverware during Plaintiff's scheduled shift.

15. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to stocking glasses, straws, napkins, coffee cups and saucers.

16. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to clean and wipe table tops, chairs and booths during Plaintiff's scheduled shift.

17. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to break down work stations during Plaintiff's scheduled shift.

18. Admit that for all hours Plaintiff worked for Defendant, Defendant imposed a tip credit upon Plaintiffs wages.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant.

/s/ *Robert W. Parsons*
Robert W. Parsons, Esq.
Fla. Bar No. 106568
Cohen Grossman, Attorneys At Law
350 N. Lake Destiny Road
Maitland, FL 32751
Telephone: 407-478-4878
Facsimile: 407-478-0204
Primary: rparsons@itsaboutjustice.LAW
Secondary: nicole@itsaboutjustice.LAW
Counsel for Plaintiff

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY,
FLORIDA

CASE NO.:

Brandi DiBlasi-Rouselle,

      Plaintiff,

v.

Steak N Shake Operations, Inc.
d/b/a Steak N Shake #285,

      Defendant.
_____/

## PLAINTIFF, BRANDI DIBLASI-ROUSELLE'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT STEAK N SHAKE OPERATIONS, INC. D/B/A STEAK N SHAKE #285

Plaintiff, Brandi DiBlasi-Rouselle, Pursuant to Rule 1.340(e) of the Florida Rules of Civil

Procedure, hereby files Notice of Service of the original and one (1) copy of Interrogatories

number one (1) through twenty-two (22) to be answered in oath and in writing, within thirty (30)

days from the date of service hereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to
the Defendant.

      */s/ Robert W. Parsons*
      Robert W. Parsons, Esq.
      Fla. Bar No. 106568
      Cohen Grossman, Attorneys At Law
      350 N. Lake Destiny Road
      Maitland, FL 32751
      Telephone: 407-478-4878
      Facsimile: 407-478-0204
      Primary: rparsons@itsaboutjustice.LAW
      Secondary: nicole@itsaboutjustice.LAW
      Counsel for Plaintiff

## FIRST INTERROGATORIES TO DEFENDANT STEAK N SHAKE OPERATIONS, INC. D/B/A STEAK N SHAKE #285

### Definitions

1. "You(r)" as used in these interrogatories means the Defendant named above and any related entities who may be liable for the damages sought herein. The definition also includes any individuals or agents employed in any management position; any lawyers retained by you on this or any other claim; and any other agents who have performed services on your behalf at any time material to this action.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

3. The singular includes the plural, and vice versa. The masculine includes the feminine and vice versa.

4. "All" shall be construed as "all and each" and the term "each" shall be construed as "all and each."

5. "Document" means any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but without limitation, papers, agreements, contracts, notes, memoranda, correspondence, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, inter office memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent or received via the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by plaintiff through detection devices into reasonable usable form and all other writings and recording of every kind, however produced or reproduced whether signed or unsigned. The term "document" includes without limitation the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether or not used. If the original of any document is not in your possession, custody or control, a copy of that document should be produced.

6. "Identify" and "identity" mean:
   a. with respect to a natural person, to state the person's name, title at the time in question, employer and business address at the time in question and the current or last known employer, business address, and home address;
   b. with respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business;

    c.  with respect to a document, to state the names and titles of the author(s) and/ or signatory(ies), addresses(s), and recipients(s) of any copies; the subject matter or title; the date of the document; the division, department, or unit of your organization with which the authors and/ or addresses are or were affiliated; and its present location and custodian; and

    d.  with respect to an oral communication, to state the names and titles of all persons involved in the communication, and date and approximate time of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing in nature so as to require the filing of supplemental answers to the extent required under Florida Law.
2. If you cannot answer any interrogatory in full, answer to the extent possible, explain why you cannot answer the remainder, state the nature of the information and knowledge that you can furnish, and provide a supplemental response when you obtain more information.
3. If your answer to any interrogatory derives from a document, identify the document.
4. If you contend that any document or communication that is responsive to any interrogatory propounded herein is privileged for any reason whatsoever, identify each such document or communication in your answer to each interrogatory and include that document on a privilege log.

## INTERROGATORIES

1.    For the Defendant Company, state full legal name, any fictitious or assumed names or d/b/a's used in the past or present, past and present addresses, any other locations owned by the Corporation, dates and states of formation, incorporation, or registration, and dates of dissolution, if any.

2.    Identify each person who prepared answers or supplied or provided information used to prepare answers to these Interrogatories.

3.    Identify all persons who have participated in the operation or management of the Company during the relevant time period, including the dates of such participation, and their responsibility (including, but not limited to, hiring or firing, setting and/or changing wages, distributing wages, setting and/or changing work schedules, directing, and assigned types of work, or maintaining employment record.)

4.    Identify all current and former servers, bartenders, lead servers (if applicable), bussers, stockers, who worked for the Defendant during the relevant statutory period. Indicate their dates of employment, positions, duties, hours worked, and rate, frequency, and form of pay (e.g., cash, check, direct deposit), and their overtime rate, if any.

5.    Describe in detail your efforts to gather information and documents responsive to each of these interrogatories, as well as Plaintiff's first request for Production of documents, including the person(s) involved in such efforts, where the documents and/or information is stored, whether the documents and/or information is electronic.

6.    Identify any conversations and/or written correspondence between defendants and any witnesses (including Plaintiff) relevant to the subject matter of this litigation, describing for each (a) when and where it took place, (b) who was present, (c) what was said by each participant, (d) the first and last name, (e) whether or not the individual is expected to be a fact witnesses you expect to call to testify at the trial of this action, (f) describe the substance of their expected testimony and (g) identify their phone numbers, and last known address,

7.    Identify all persons and computer software responsible for establishing and maintaining the Company's timekeeping, payroll, timesheets, sign in logs, time cards, hand scanners, GPS records, bookkeeping, or accounting practices, including maintaining tip records. This request is not limited to time.

8.   Identify all documents in your possession that evidence any dates Plaintiff was employed by the Defendant, including any and all hours worked by the Plaintiff. These documents may include, but are not limited to: timesheets, tax records, notes, correspondence, payroll records, electronic records, and recorded statements.

9.   Identify all persons employed by the Defendant with any knowledge regarding the dates and/or hours during which Plaintiff worked for the Defendant. If such persons are no longer employed by the Defendant, provide their name, last known address, and telephone number.

10.  Describe in detail all efforts made by defendant to determine and comply with the requirements of the FLSA and Florida Minimum Wage Act concerning minimum wage, overtime pay, annual wage notices, including, but not limited to, efforts to obtain legal advice regarding the requirements of federal and state laws, and communications with any federal, state, or municipal department or agency concerning minimum wage and overtime laws and regulations. This interrogatory is not time limited.

11.  List all managers, supervisors, or any representative of the Defendant in a supervisory role who did, or may have, conveyed any rule, policy or procedure to the Plaintiff regarding Plaintiff's employment with the Defendant at any time. If such persons are no longer employed by the Defendant, provide their name, last known address, and telephone number.

12.  List all individuals responsible for training or instructing the Plaintiff as to job duties during Plaintiff's employment with the Defendant. If such persons are no longer employed by the Defendant, provide their name, last known address, and telephone number.

13.  State and set forth fully all facts known that support any purported affirmative defense or defense to this action as set forth in any pleading of the Defendant.

14.  Identify, in detail, all job duties for which the Defendant requires its servers to perform during a normal shift. If different types of days and/or shifts entail different duties, list all types of shifts separately and the duties required for each shift, if the duties are separated by day, detail the duties required for each day and how much time each duty takes an employee.

15.     Was the Plaintiff ever paid full Florida Minimum Wage (without tip credit) for any hours employed by the Defendant? If so, identify the date(s), reason why, manager or supervisor who made the decision, and any conversations leading to the decision to pay full Florida Minimum Wage.

16.     For each document listed on the privilege log that you have served in this action, or otherwise being withheld by you on grounds of privilege or work product, identify each person, if any, to whom or with whom each such document was provided or shared.

17.     Identify all persons who have knowledge of, or information about, the facts and circumstances related to the subject matter of this litigation, and set forth the subject of each, individual's knowledge or information, include their name, address, and phone number.

18.     Were there any time periods where Plaintiff worked for the Defendant, however was not paid a wage? If so, identify all dates Defendant believes the Plaintiff worked for the Defendant but was not paid a wage.

19.     Are there any time periods during which Plaintiff worked for the Defendant for which Defendant does not have clear, exact record of all hours worked? If so, identify all suspected time periods for which Defendant does not have clear, exact record of all hours worked.

20.     Describe, in detail, the procedures for which servers employed by the Defendant follow in order for Defendant to accurately record their hours worked, including any clock in/clock out procedures.

21.     Has any employee, agent or representative of the Defendant admitted to the Plaintiff that Plaintiff was not paid a wage for any hours worked during a pay period in which Plaintiff was employed by the Defendant? If so, list the employee name, last known address and telephone number.

22.     If the defendant in this lawsuit has ever been a defendant in a lawsuit or administrative action (i.e., government investigative agency) other than the present one, involving claims similar to the ones made herein (i.e., claims of unpaid or improperly paid wages), state the case by name, court, and docket number, and

summarize the allegations against defendant(s) and the outcome of the case(s), including the terms of any settlement.

23.     Describe, in detail, any "tip pooling" policies or procedures during the time Plaintiff was employed by the Defendant, identify whether or not Plaintiff partook in the "tip pool".

24.     Describe in detail any and all agreements, whether oral or written, regarding plaintiff's work hours or compensation, identifying when these agreements were reaching and the substance of those agreements.

25.     Did the Defendant, its managers or agents ever modify, alter, or manipulate any records pertaining the hours Plaintiff worked? If so, describe the circumstances under which Plaintiff's time records were altered, identify whether or not the time records will show which manager or agent modified, altered, or manipulated records.

26.      If you claim that any admission and/or declarations against interest were made by any party in this action, describe (a) the time of these admissions, (b) the identity of the person making the admissions, (c) to whom the admissions were made, and (d) the nature of the admissions.

27.     Identify how managers were compensated and paid at the aforementioned location. Specifically, how they were tipped out, according to their manager specific and bartender specific duties.

28.     For each week worked by Plaintiff, set forth (a) the number of hours plaintiff worked; (b) the number of hours worked by plaintiff as reflected in defendants' records; (c) the amount paid to plaintiff (whether in the form of wages, tips, or non-monetary compensation); (d) whether any overtime was paid, and if so, how much; and (e) the deductions made from pay and the reasons for the deductions. Identify each person with knowledge of these facts, and identify each document related to these facts.

29.     Identify each person who had authority to hire, fire, engage the services of, discipline, supervise, and/or set working hours, work schedules and/or wages or compensation for plaintiff, including the time period(s) where each such person had this authority.

30.     Identify any expert witnesses upon whom you intend to rely, and describe the nature of their expertise and whether or not you intend to call the expert at trial.

By: _____

STATE OF _____ )

COUNTY OF _____ )

      The foregoing instrument was acknowledged before me this _____ day of
_____, 2016 by _____ who is personally known to
me or has produced _____ as identification and who (did/did not)
take an oath.

                                             _____

                                           Notary Public

                                           Commission No.:

                                               (SEAL)

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY,
FLORIDA

CASE NO.: 2016 CC 1724 CL

Brandi DiBlasi-Rouselle,

      **Plaintiff,**

v.

Steak N Shake Operations, Inc.
d/b/a Steak N Shake #285,

      **Defendant.**

_____/

                     SUMMONS

*THE STATE OF FLORIDA*
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of Petition in
this action on the Defendant to this action pursuant to F.S. 48.081

*By Serving:*

        **Steak N Shake Operations, Inc. d/b/a Steak N Shake #285**
              through its designated representative:
              Corporation Service Company
                  1201 Hays Street
              Tallahassee, FL 32301-2525

Each defendant is required to serve written defenses to the Complaint of Petition on Robert
Parsons, Esq., Counsel for the Plaintiff, **Cohen & Grossman, Attorneys at Law,** 350 North
Lake Destiny Road, Maitland, Florida 32751, within twenty (20) days after service, of this
summons on that defendant exclusive of the day of service, and to file the original of the
Defenses with the clerk of this Court either before service on Plaintiff's attorney or immediately
thereafter. If each defendant fails to do so, a Default will be entered against that Defendant for the
relief demanded in the complaint or petition.

CLERK OF THE COURT
BY: _____, Deputy Clerk     DATE: ___Aug. 4___, 2016.

**Betsy Corbell**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | rparsons@itsaboutjustice.law |
| **Sent:** | Thursday, August 04, 2016 12:05 PM |
| **Subject:** | Relayed: SERVICE OF COURT DOCUMENT – 2016 CC 001724 CL, DIBLASI-ROUSELLE, BRANDI vs. STEAK N SHAKE OPERATIONS INC DBA STEAK N SHAKE 285 |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

rparsons@itsaboutjustice.law (rparsons@itsaboutjustice.law)

Subject: SERVICE OF COURT DOCUMENT – 2016 CC 001724 CL, DIBLASI-ROUSELLE, BRANDI vs. STEAK N SHAKE OPERATIONS INC DBA STEAK N SHAKE 285



SERVICE OF
JRT DOCUMENT –

# ARMANDO RAMÍREZ
CLERK OF THE COURT
OSCEOLA COUNTY, FLORIDA

Receipt Date:    08/05/2016
Cashiered by Deputy Clerk: lriv1
Transaction  No.:101366277

## Receipt of Transaction
## Number: 2016086059
All cash transactions are final.  No refunds are permitted.
This transaction is subject to a final audit.

**Received From:**
PARSONS, ROBERT W.
COHEN BATTISTI, ATTORNEYS AT LAW
1211 ORANGE AVE., SUITE 200
WINTER PARK, FL  32789

**On Behalf Of:**
BRANDI DIBLASI-ROUSELLE
PO BOX 580846
KISSIMMEE, FL  34758

**CaseNumber   2016 CC 001724 CL**

**BRANDI DIBLASI-ROUSELLE vs. STEAK N SHAKE OPERATIONS INC DBA STEAK N SHAKE 285**

| Fee Description | | Fee | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (.CM) COUNTY CIVIL CLAIMS $2,500 - $15,000 | | $300.00 | $0.00 | $300.00 | $300.00 | $0.00 |
| (.SUM) SUMMONS | | $10.00 | $0.00 | $10.00 | $10.00 | $0.00 |
| | Total: | $310.00 | $0.00 | $310.00 | $310.00 | $0.00 |
| | Grand Total: | $310.00 | $0.00 | $310.00 | $310.00 | $0.00 |

Comments:

**Payments**

| Payment Type | Reference | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|
| E-FILING | 44802785/16264951 | $310.00 | $0.00 | $0.00 | $0.00 | $310.00 |
| | Payments Total: | $310.00 | $0.00 | $0.00 | $0.00 | $310.00 |

Receipt # 2016086059
Transaction No.: 101366277
Form Version 2.006

2 Courthouse Square, Kissimmee, FL 34741
(407) 742-3500

Page 1 of 1

IN THE COUNTY COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA

**BRANDI DEBLASI-ROUSELLE,**

        Plaintiff,

**vs.**                             **CASE NO. 2016-CC-1724-CL**

**STEAK N SHAKE OPERATIONS,
INC. d/b/a STEAK & SHAKE #285,**

        Defendant.

_____

## NOTICE OF APPEARANCE

    MELANIE A. ZAHARIAS, of the law firm of LITTLER MENDELSON, P.C., hereby

enters her appearance as counsel in this case on behalf of Defendant, STEAK N

SHAKE OPERATIONS, INC. d/b/a STEAK N SHAKE #285.  All notices given or

required to be given in this case, and all papers served or required to be served in this

case, shall be given to and served upon:

Anthony J. Hall, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801-2366
Telephone: 407.393.2900
Facsimile:  407.393.2929
Email:  ajhall@littler.com

Dated:  August 26, 2016.

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801
Telephone:    407.393.2900
Facsimile:    407.393.2929

BY:    /s/ Melanie A. Zaharias
Anthony J. Hall, Esquire
Florida Bar No.: 0040924
Email: ajhall@littler.com

Melanie A. Zaharias, Esquire
Florida Bar No.: 0036828
Email: mzaharias@littler.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the E-File system and a correct copy of the foregoing has been furnished by the court via electronic mail to: Robert W. Parsons, Esquire, Cohen Grossman, 350 North Lake Destiny Road, Maitland, Florida 32789 Email: rparson@itsaboutjustice.law and nicole@itsaboutjustice.law on this 26th day of August, 2016.

/s/ Melanie A. Zaharias
Melanie A. Zaharias, Esquire

Firmwide:142396716.1 060636.1015

2

IN THE COUNTY COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA

BRANDI DEBLASI-ROUSELLE,

       Plaintiff,

vs.                           CASE NO. 2016-CC-1724-CL

STEAK N SHAKE OPERATIONS,
INC. d/b/a STEAK & SHAKE #285,

       Defendant.

_____

## NOTICE OF APPEARANCE

     ANTHONY J. HALL, of the law firm of LITTLER MENDELSON, P.C., hereby

enters his appearance as counsel in this case on behalf of Defendant, STEAK N

SHAKE OPERATIONS, INC. d/b/a STEAK N SHAKE #285. All notices given or

required to be given in this case, and all papers served or required to be served in this

case, shall be given to and served upon:

          Anthony J. Hall, Esquire
          Littler Mendelson, P.C.
   111 North Magnolia Avenue, Suite 1250
        Orlando, Florida 32801-2366
        Telephone: 407.393.2900
        Facsimile:  407.393.2929
        Email:  ajhall@littler.com

Dated:  August 26, 2016.

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801
Telephone:     407.393.2900
Facsimile:     407.393.2929

BY:     /s/ Anthony J. Hall
Anthony J. Hall, Esquire
Florida Bar No.: 0040924
Email: ajhall@littler.com

Melanie A. Zaharias, Esquire
Florida Bar No.: 0036828
Email: mzaharias@littler.com

Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the E-File system and a correct copy of the foregoing has been furnished by the court via electronic mail to: Robert W. Parsons, Esquire, Cohen Grossman, 350 North Lake Destiny Road, Maitland, Florida 32789 Email: rparson@itsaboutjustice.law and nicole@itsaboutjustice.law on this 26th day of August, 2016.

/s/ Anthony J. Hall
Anthony J. Hall, Esquire

Firmwide:142396675.1 060636.1023

IN THE COUNTY COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA

BRANDI DEBLASI-ROUSELLE,

       Plaintiff,

vs.                              CASE NO.  2016-CC-1724-CL

STEAK N SHAKE OPERATIONS,
INC. d/b/a STEAK & SHAKE #285,

       Defendant.

_____

## NOTICE OF FILING NOTICE OF REMOVAL

    Defendant STEAK N. SHAKE OPERATIONS d/b/a STEAK N SHAKE #281,

("STEAK N SHAKE" or "Defendant") pursuant to 28 U.S.C. § 1446(d), hereby files this

Notice of Filing Notice of Removal.   Defendant has removed the above-captioned

matter from the Court of the Ninth Judicial Circuit, in and for Osecola County, Florida, to

the United States District Court for the Middle District of Florida, Orlando Division.   A

copy of the Notice of Removal is attached as Exhibit A.

Dated:  August 29, 2016.

                                    LITTLER MENDELSON, P.C.
                                    111 North Magnolia Avenue
                                    Suite 1250
                                    Orlando, Florida 32801
                                    Telephone:  407.393.2900
                                    Facsimile:   407.393.2929

           BY:     */s/ Melanie A. Zaharias*
                      Anthony J. Hall, Esquire
                      Florida Bar No.: 0040924
                      Email: ajhall@littler.com

                      Melanie A. Zaharias, Esquire
                      Florida Bar No.: 0036828
                      Email: mzaharias@littler.com

                      Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the E-File system and a correct copy of the foregoing has been furnished by the court via electronic mail to: Robert W. Parsons, Esquire, Cohen Grossman, 350 North Lake Destiny Road, Maitland, Florida 32789 Email: rparson@itsaboutjustice.law and nicole@itsaboutjustice.law on this 29th day of August, 2016.

                      */s/ Melanie A. Zaharias*
                      Melanie A. Zaharias, Esquire

Firmwide:142397687.1 060636.1023